IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Michael Lona,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-1227-PHX-SPL (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Richard Michael Lona filed a Petition for Writ of Habeas Corpus on June 4, 2014, challenging his convictions and sentences in Pinal County Superior Court for various felonies stemming from a car accident. Respondents contend that the arguments raised in the Petition are unexhausted and procedurally barred. For the reasons below, the Court recommends that Lona's Petition be denied and dismissed with prejudice.

**BACKGROUND**

At the conclusion of a jury trial in Pinal County Superior Court, Lona was found guilty of three counts of aggravated assault, one count of leaving the scene of an accident, and one count of unlawful flight. (Doc. 7, Ex. D) Lona was sentenced to presumptive terms for all five convictions with a mixture of concurrent and consecutive terms that totaled 9.75 years. (Doc. 7, Ex. E)

Lona timely appealed, arguing that the trial court (1) improperly restricted his rights of discovery and cross-examination by sealing evidence about one of the police

officers involved in the case and (2) improperly admitted certain evidence about Lona's urinalysis. (Doc. 7, Ex. I) The Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 7, Ex. A) Specifically, the Court of Appeals found that Lona did not object on either issue at his trial and that he had waived fundamental error review on his first argument and he did not demonstrate fundamental error on his second argument because the evidence was admissible and relevant. (*Id*. at ¶¶ 4, 5, 9) Lona did not petition the Arizona Supreme Court for review.

Lona filed a timely notice of post-conviction relief. (Doc. 7, Ex. J) In his petition, he alleged that he had received ineffective assistance of trial counsel because his trial counsel had not objected to the admission of the testimony about Lona's urinalysis. (Doc. 7, Ex. K) The Superior Court found his argument to be both precluded and, citing to the Court of Appeals decision, without merit. (Doc. 7, Ex. L) On May 30, 2013, the Arizona Court of Appeals denied Lona's petition for review after finding that it only raised new claims for the first time on review. (Doc. 7, Exs. M, N)

On June 4, 2014, Lona timely filed a petition for writ of habeas corpus in this Court. (Doc 1) He makes four arguments, namely that (1) the trial court improperly restricted his rights of discovery and cross-examination by sealing evidence about one of the police officers involved in the case, (2) the trial court improperly admitted certain evidence about Lona's urinalysis, (3) he received ineffective assistance of trial counsel for failure to raise a *Miranda* issue, and (4) a contaminated urine sample was used. (*Id*.) Respondents argue that all four arguments were not exhausted and are now subject to an implied procedural bar.

**EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate

manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Ground 1: Sealed Evidence. As he did on direct appeal, Lona argues that the trial court violated his due process rights by sealing evidence about one of the police officers involved in the case. (Doc. 1 at 6) However, because his trial counsel did not object and because his appellate counsel did not argue that this claim was subject to fundamental error review, the Arizona Court of Appeals concluded that he had "forfeited review for all but fundamental, prejudicial error . . . [and] he has waived fundamental error review as well." (Doc. 7, Ex. A, ¶ 4) Because the Arizona Court of Appeals concluded that these arguments were waived, they were not fairly presented for purposes of habeas

review by this Court. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the [Arizona Court of Appeals] in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.") (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, his claim was not properly exhausted.

Ground 2: Admission of evidence about urinalysis. In his habeas petition, Lona claims that his due process rights were violated when the trial court admitted testimony about his urinalysis. (Doc. 1 at 8) This argument is substantively similar to the claim he raised in his direct appeal. (Doc. 7, Ex. I) However, in his direct appeal, he argued this as an evidentiary question about, and the Arizona Court of Appeals answered his question under, the Arizona Rules of Evidence. Lona did make a passing reference, in the header of the argument, to his "constitutional rights" but then analyzed the argument under Arizona Rules of Evidence. (Doc. 7, Ex. I, *compare* p. 22 *with* ¶ 67) This is not sufficient to say that the Court of Appeals was fairly presented with the federal legal theory underlying this argument. *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000). Accordingly, this ground was not exhausted.

Ground 3: Ineffective Assistance of Counsel: *Miranda* objection. In his habeas petition, Lona argues that he received ineffective assistance because his trial counsel failed to object to alleged *Miranda* violations. (Doc. 1 at 7) As Respondents note, Lona first raised this argument when he petitioned the Arizona Court of Appeals to review the Superior Court's denial of his post-conviction relief proceedings. (Doc. 7, Ex. M at 2) The Court of Appeals denied relief on this claim because it had not been presented to the trial court. (Doc. 7, Ex. N, ¶ 4) *Roettgen*, 33 F.3d at 38. Thus, this claim was not properly exhausted.

Ground 4: Contaminated Urine Sample. In his habeas petition, Lona argues that the urine sample for the contested urinalysis was contaminated. (Doc. 1 at 9) In his direct appeal and in his post-conviction proceedings, Lona never argued that his urine sample was contaminated. Accordingly, this claim was not exhausted in the state courts.

The Court will not consider Lona's unexhausted claims.

As described above, all of the claims in Lona's habeas petition are unexhausted. For his claims that were waived on appeal, Grounds 1 and 3, Lona is now precluded from post-conviction relief under Arizona Rule of Criminal Procedure 32.2(a)(3). For his other claims, Grounds 2 and 4, he is now time-barred from initiating post-conviction relief under Arizona Rule of Criminal Procedure 32.4(a). *See Coleman v. Thompson*, 501 U.S. 722, 735, n. 1 (1991). Because no state remedies remain available for these unexhausted claims, they are all now subject to an implied procedural bar.

Finally, in his Petition, Lona has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot reach the merits of the arguments in his Petition.

**IT IS THEREFORE RECOMMENDED** that Richard Michael Lona's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

1  be considered a waiver of a party's right to appellate review of the findings of fact in an
2  order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
3  72, Federal Rules of Civil Procedure.

      Dated this 10th day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge